UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADELE MARIE MCCULLOCH, | No. 2:12-cv-2329-EFB |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties' cross-motions for summary judgment are pending. For the reasons discussed below, the Commissioner's motion is denied, plaintiff's motion is granted, and the matter is remanded for further proceedings.

I.   BACKGROUND

Plaintiff filed an application for SSI on November 26, 2008, alleging that she had been disabled since December 31, 2003. Modified Administrative Record ("AR") 130-32. Plaintiff's application was initially denied on April 1, 2009, and upon reconsideration on October 22, 2009. *Id.* at 72-76, 78-83. On June 7, 2010, a hearing was held before administrative law judge ("ALJ") Sara Gillis. *Id.* at 32-66. Plaintiff was represented by counsel at the hearing, at which she and a Vocational Expert ("VE") testified. *Id.*

1

On September 24, 2010, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[1] *Id.* at 18-27. The ALJ made the following specific findings:

1. The claimant did not engage in substantial gainful activity since November 26, 2008, the application date (20 CFR 416.971 *et seq.*).

\* \* \*

2. The claimant has the following serve impairments: history of spinal fracture and surgery with residual compression fracture and moderate degenerative disc disease (20 CFR 416.920(c)).

\* \* \*

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

3. At no time relevant did the claimant have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.1525, 416.926).

* * *

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except claimant is limited to no climbing of ladder/rope/scaffolds, with only occasional climbing of ramps/stairs, stooping, kneeling, crouching, or crawling. She should avoid concentrated exposure to vibration and all exposure to hazards such as machinery heights, etc., due to a potent medicinal regimen.

* * *

5. The claimant is capable of performing past relevant work as a receptionist, advertising sales and telemarketing. This work does not require the performance of work related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).

* * *

6. The claimant was not under a disability, as defined in the Social Security Act, since November 26, 2008, the date of the application (20 CFR 416.920(f)).

*Id.* at 20-26.

Plaintiff requested that the Appeals Council review the ALJ's decision, *id.* at 122, and on October 23, 2012, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6.[2]

II.     LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

/////

/////

---

[2] The Appeals Council did, however, expand the record with additional evidence. *Id.* at 5.

3

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. ANALYSIS

Plaintiff argues that the ALJ erred in rejecting the opinion of her treating physician. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1295 (9th Cir. 1996). To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence. *Id.* at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (*e.g.,* supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

/////

1  However, "[w]hen an examining physician relies on the same clinical findings as a treating
2  physician, but differs only in his or her conclusions, the conclusions of the examining physician
3  are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

4  On June 9, 2009, Dr. Bueff, plaintiff's treating physician, wrote a letter stating that
5  plaintiff has severe kyphosis of her lumbar spine, which will require surgery in the near future.
6  AR 365. He further stated that plaintiff is permanently disabled and not able to return to gainful
7  employment. *Id*. On July 7, 2009, Dr. Bueff completed a Physical Residual Functional Capacity
8  Questionnaire. *Id*. at 375-379. He diagnosed plaintiff with post-traumatic hyplasia. *Id*. at 375. It
9  was his opinion that plaintiff could sit and stand for 45 minutes at one time; and sit and stand for
10 less than 2 hours in an 8-hour workday. In response to the question of whether plaintiff could lift
11 and carry 10 pounds or less on either a frequent, occasional, or rare basis, Dr. Bueff responded
12 "never." Dr. Bueff further opined that plaintiff should rarely climb ladders and stairs; and never
13 twist, stoop, or crouch. *Id*. at 376-78. He further opined that plaintiff must shift positions at will
14 from sitting, standing, or walking, and must take unscheduled breaks throughout an 8-hour
15 workday. *Id*. at 377. In a letter dated December 19, 2011, Dr. Bueff again stated that plaintiff is
16 permanently disabled and would be unable to resume gainful employment. *Id*. at 418.

17 On January 26, 2009, plaintiff underwent an internal medicine consultation performed by
18 Dr. Selcon, an examining physician. *Id*. at 286-290. Plaintiff reported to Dr. Selcon that she
19 broke her back in 1978. *Id*. at 286. In 1994, plaintiff started developing back pain, which
20 resulted in back surgery in 1995. *Id*. Plaintiff reported pain in the lumbosacral region of her back
21 with intermittent radiation down both her legs. *Id*. Based on his examination, Dr. Selcon opined
22 that plaintiff could sit less than 2 hours in an 8-hour workday; stand up to 2 hours in an 8-hour
23 workday; lift/carry 10 pounds occasionally; would be limited in climbing, stooping, kneeling,
24 crouching, and bending; but would have no manipulative, visual, communicative, or workplace
25 environmental limitations. *Id*. at 290.

26 Plaintiff also underwent a complete orthopedic evaluation, which was completed by Dr.
27 Flanagan, an examining physician. *Id*. at 382-387. Plaintiff reported sharp, throbbing, and
28 burning back pain, which worsened with movement. *Id*. at 383. Dr. Flanagan concluded that

5

plaintiff's pain was caused by multiple factors, including myofascial spasm and degenerative disc disease. *Id*. at 386. He opined that plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently, stand or walk for up to 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. *Id*. He further opined that plaintiff could occasionally climb, stoop, kneel, and crouch, but had no manipulative, environmental, visual, or communicative limitations. *Id*.

The record also contains opinions from non-examining sources. On February 3, 2009, Dr. Sheehy completed a Physical Residual Functional Capacity Assessment. *Id*. at 315-321. Dr. Sheehy opined that plaintiff could lift 20 pounds occasionally and 10 pounds frequently; stand, walk, and sit for about 6 hours in an 8-hour workday; occasionally climb, kneel, crouch, and crawl, but could frequently balance. Dr. Sheehy's opinion was affirmed by Dr. John Meek, also a non-examining physician, on October 13, 2009. *Id*. at 392.[3]

The ALJ rejected Dr. Bueff's opinion and accorded significant weight to the findings of Drs. Flanagan, Sheehy, and Meek. *Id*. at 24. Since Dr. Bueff's opinion was contradicted by Drs. Flanagan, Sheehy, and Meek's opinions, the ALJ was required to provide a specific and legitimate reason for rejection Dr. Bueff's treating opinion. *Lester*, 81 F.3d at 830. The ALJ stated that she accorded little weight to Dr. Bueff's opinion because it was not substantiated by the evidence of record. *Id*. at 24-25.

This conclusory reason, without further elaboration, does not constitute a specific and legitimate reason for rejecting Dr. Bueff's opinion. An ALJ may satisfy his burden of providing specific and legitimate reasons for rejecting a contradicted medical opinion "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Embrey v. Bowen*, 849 F.2d 418, 421 (1988). As explained by the Ninth Circuit:

> To say that medical opinions are not supported by sufficient objective findings does not achieve the level of specificity our prior cases have required even when the objective factors are listed seriatim. The ALJ must do more than offer his own conclusions.

---

[3] The record also contains medical opinions regarding plaintiff's mental impairments. As plaintiff does not challenge the ALJ's findings in regards to these opinions, they are not addressed by the court.

6

> He must set forth his own interpretation and explain why he, rather than the doctors, are correct.

*Regenniter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999).

The ALJ summarized the medical evidence of record and then provided her conclusion that such evidence does not substantiate Dr. Bueff's opinion. The ALJ's decision, however, does not identify any contradictory evidence or explain how Dr. Bueff's opinion is unsupported by medical evidence. The conclusory dismissal of Dr. Bueff's opinion is especially problematic given that Dr. Bueff's opinion was substantiated, at least in part, by the opinion of Dr. Selcon. Both physicians opined that plaintiff would be limited in sitting, standing, and walking to about 2 hours in an 8-hour day. AR 290, 376-377. The ALJ, however, similarly dismissed Dr. Selcon's opinion in conclusory fashion as "not substantiated by the evidence of record." *Id*. at 24-25.

Defendant argues that the ALJ properly rejected Dr. Bueff's opinion because (1) it was inconsistent with plaintiff's own testimony and (2) Dr. Bueff relied on plaintiff's subjective complaints, which were properly discredited. ECF No. 27 at 6. While the ALJ did discuss plaintiff's testimony and credibility, AR 25, the ALJ never stated that she was rejecting Dr. Bueff's opinion because it was based on plaintiff's subjective complaints or inconsistent with her testimony. As the ALJ did not rely on these reasons, they are not a proper basis for upholding the ALJ's rejection of Dr. Bueff's opinion. *See Barbato v. Comm'r of Soc. Sec. Admin.*, 923 F. Supp. 1273, 1276 n. 2 (C.D. Cal. 1996) ("[T]he Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision."); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) ("[W]e are wary of speculating about the basis of the ALJ's conclusion").

The ALJ's conclusory statement that Dr. Bueff's opinion was not substantiated by the evidence of record does not constitute a specific and legitimate reason for rejecting the opinion from this treating source. *See, e.g.*, *Regenniter*, 166 F.3d at 1299 (merely stating that a medical opinion is not supported by "sufficient objective findings" does not achieve the level of specificity required, even when the objective factors are listed). Accordingly, the ALJ erred in rejecting Dr. Bueff's opinion. The general rule in this circuit is that "[w]here the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician,

we credit that opinion 'as a matter of law.'" *Lester*, 81 F.3d at 834.  When crediting as true Dr. Bueff's opinion, it cannot be determined from the record whether plaintiff maintains the ability to work.  The matter must therefore be remanded for further consideration.[4]

## IV. CONCLUSION

The ALJ failed to apply the proper legal standard and support her decision with substantial evidence.  Therefore, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The Clerk is directed to enter judgment in the plaintiff's favor; and

4. The matter is remanded for further consideration consistent with this opinion.

DATED: March 20, 2014.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] At the June 7, 2010 hearing, the ALJ posed a question to the VE that incorporated the limitations assessed by Dr. Bueff.  The question, however, only asked whether a hypothetical person with such limitations could perform plaintiff's prior work.  The ALJ did not ask, and therefore it cannot be determined, whether there were other jobs that could be performed by an individual with the limitations assessed by Dr. Bueff.

8